IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LYNDA L. IZEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 1:07cv731-WC |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

I.      INTRODUCTION

Plaintiff Lynda L. Izeman (Izeman) applied for disability insurance benefits pursuant

to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* (2000) and for supplemental

security income benefits under Title XVI, 42 U.S.C. § 1381 *et seq.* (hereinafter collectively

"the Act").  Izeman's applications were denied at the initial administrative level.  Izeman

then requested and received a hearing before an Administrative Law Judge (ALJ). Following

the hearing, the ALJ also denied the claims.  The Appeals Council rejected a subsequent

request for review.  The ALJ's decision consequently became the final decision of the

Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131

(11th Cir. 1986).  The case is now before the Court for review under 42 U.S.C. § 405(g).

Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings

---

[1]Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L.
No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to
Social Security matters were transferred to the Commissioner of Social Security.

and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s

Consent to Jurisdiction (Doc. #10); Def.'s Consent to Jurisdiction (Doc. #9).  Based on the

Court's review of the record and the briefs of the parties, the Court REVERSES the decision

of the Commissioner and the case is REMANDED for further proceedings consistent with

this opinion.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of
> Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next

---

[2]A "physical or mental impairment" is one resulting from anatomical, physiological, or
psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory
diagnostic techniques.

question, or, on steps three and five, to a finding of disability.  A negative
answer to any question, other than step three, leads to a determination of "not
disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357

F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying

disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5,

the burden shifts to the Commissioner, who must then show there are a significant number

of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual

Functional Capacity (RFC).  *Id*. at 1238-39.  RFC is what the claimant is still able to do

despite his impairments and is based on all relevant medical and other evidence.  *Id*.  It also

can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step,

the ALJ considers the claimant's RFC, age, education, and work experience to determine if

there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  To

do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational

expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or

---

[3]*McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case
(SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are
appropriately cited as authority in Title XVI cases.  *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir.
1981) (Unit A).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

light work, inability to speak English, educational deficiencies, and lack of job experience.

Each factor can independently limit the number of jobs realistically available to an

individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-

required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must

find the Commissioner's decision conclusive if it is supported by substantial evidence. 42

U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial

evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence

as a reasonable person would accept as adequate to support a conclusion." *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of

the record which support the decision of the ALJ, but instead must view the record in its

entirety and take account of evidence which detracts from the evidence relied on by the ALJ.

*Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the
> reasonableness of the [Commissioner's] . . . factual findings. . . . No similar
> presumption of validity attaches to the [Commissioner's] . . . legal conclusions,
> including determination of the proper standards to be applied in evaluating
> claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.   ISSUES

### A.   *Introduction*

Izeman was forty-eight years old and had completed her high school education at the time of the hearing before the ALJ.  (Tr. 12, 249, 161).  Izeman's past relevant work experience included work as a custodian/janitor, stocker, certified nurse's aid, and cook's assistant. (Tr. 12, 111-115, 123-127).  Following the administrative hearing, and employing the five step process, the ALJ found Izeman had not engaged in substantial gainful activity since the alleged onset date of April 29, 2003 (Step 1).  (Tr. 12).  At Step 2, the ALJ found Izeman suffered from the severe impairments of diabetes, degenerative joint disease, hepatitis C, and a depressive disorder.  (Tr. 13).  The ALJ nonetheless found Izeman did not possess an impairment or combination of impairments that met or equaled the criteria of any listed impairment set forth in the Listing of Impairments, and that she could perform the full range of light work (Step 3).  (Tr. 13).  At Step 4, the ALJ found Izeman could not perform her past relevant work.  (Tr. 17).  At Step 5, the ALJ determined that, based on her age, education and RFC, Izeman could perform jobs that exist in significant numbers in the national economy.  (Tr. 17).  Consequently, the ALJ found Izeman had not been disabled since the alleged onset date.

### B.    Izeman's Claims

Izeman sets forth two issues:  (1) whether the ALJ erred in relying upon the Medical-Vocational Guidelines rather than calling a vocational expert to determine whether Izeman could perform other work existing in significant numbers in the national economy; and (2) whether the ALJ failed to properly consider Izeman's obesity and its effect on her ability to

perform work-related functions.  (Doc. #16 at 6).

## IV.    DISCUSSION

### A.    *Whether the ALJ erred in failing to call a VE.*

Izeman argues the ALJ improperly relied upon the Medical-Vocational Guidelines

(the "guidelines" or "grids"), rather than procuring the testimony of a VE, in assessing the

availability of employment to Izeman given her impairments.  (Doc. #16 at 6.)  Izeman

asserts that, given the ALJ's finding that she could not return to her past relevant work, her

"nonexertional impairments" - specifically, the "reduced ability to manipulate objects,"

"pain," "seizures and/or blackouts," "hepatitis C," and "[m]ental impairments such as

depression" - rendered the Medical-Vocational Guidelines inapplicable and required the

testimony of a VE.  (Doc. #16 at 6-7).

Defendant contends that the ALJ's reliance upon the Medical-Vocational Guidelines

was appropriate because the ALJ found that none of Izeman's nonexertional impairments

prevent her from performing the full range of light work.

"The general rule is that after determining the claimant's RFC and ability or inability

to return to past relevant work, the ALJ may use the grids to determine whether other jobs

exist in the national economy that a claimant is able to perform.  However, 'exclusive

reliance on the grids is not appropriate *either* when [the] claimant is unable to perform the

full range of work at a given residual functional level *or* when a claimant has non-exertional

impairments that significantly limit basic work skills." *Phillips v. Barnhart*, 357 F.3d 1232,

1242 (11th Cir. 2004) (*quoting Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985))

(emphasis in original).  The Eleventh Circuit has defined the "full range of work" as "being

able to do 'unlimited' types of work at the given exertional level."  *Id.*  Where the ALJ

determines that the claimant cannot perform the full range or unlimited types of work at the

given functional level, the ALJ must consult a VE to ascertain whether there are sufficient

jobs in the national economy at that functional level given the claimant's exertional

limitations.  *Id.*

In this case, the ALJ found that Izeman is "capable of performing the full range of

light work as defined under" the Code of Federal Regulations at 20 C.F.R. §§ 404.1567(b)

and 416.967(b).  (Tr. 17).  The definition for "light work" given in each of those sections is,

in relevant part, as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent
> lifting or carrying of objects weighing up to 10 pounds.  Even though the
> weight lifted may be very little, a job is in this category when it requires a good
> deal of walking or standing, or when it involves sitting most of the time with
> some pushing and pulling of arm or leg controls.  To be considered capable of
> performing a full or wide range of light work, you must have the ability to do
> substantially all of these activities.

20 C.F.R. §§ 404.1567(b) and 416.967(b).  The ALJ's findings as to Izeman's actual

impairments are inconsistent with his determination that she is "capable of performing the

full range of light work."  The ALJ specifically found that Izeman's "impairments preclude:

lifting ten pounds frequently and twenty pounds occasionally; standing and walking more

than six hours in an eight hour work day; and sitting more than two hours in an eight hour

work day." (Tr. 18). Obviously, if Izeman's impairments preclude her from lifting ten

pounds frequently or from sitting more than two hours in an eight-hour day, then she is not

"unlimited" and is not capable of performing the "full range of work" at the light work level.

*Phillips*, 357 F.3d at 1242. If Izeman is unable to perform the "full range of work" at the

light work level, then the ALJ was required to "consult a vocational expert to determine

whether there are sufficient jobs at the [light] work level within the economy that [Izeman]

can perform." *Id.* In light of the ALJ's failure to consult a VE despite his explicit findings

regarding Izeman's limitations, the Court cannot conclude his decision is supported by

substantial evidence and must reverse and remand for further consideration consistent with

this opinion.[5]

## V.    CONCLUSION

The Court has carefully and independently reviewed the record and concludes the

decision of the Commissioner is REVERSED and the case REMANDED for further

proceedings consistent with this opinion. A separate judgment will issue.

DONE this 26th day of September, 2008.

<div style="margin-left:auto; text-align:left;">

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

</div>

---

[5]        In light of this finding, the Court need not reach Izeman's second issue.